# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:16-cv-00442-MR
# [CRIMINAL CASE NO. 3:07-cr-00219-MR-1]

| | |
|---|---|
| KEITH HOWARD AKERS, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the reasons that follow, the Court denies and dismisses the motion to vacate.

## PROCEDURAL HISTORY

Petitioner Keith Howard Akers pleaded guilty in this Court to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). [Crim. No. 3:07-cr-00219-MR ("CR"), Doc. 19: Judgment]. At sentencing, the Court determined that Petitioner was a career offender pursuant to U.S.S.G. § 4B1.1 based on his two prior federal bank robbery convictions (18 U.S.C. § 2113(a)). On

June 25, 2008, this Court sentenced Petitioner to a term of 164 months of imprisonment. [Id.]. Petitioner did not appeal.

Petitioner dated the instant motion to vacate on June 17, 2016, and it was stamp-filed in this Court on June 21, 2016. [Doc. 1]. In the motion to vacate, Petitioner contends that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, Petitioner contends that his designation as a career offender violated his due process rights in light of Johnson. Petitioner also contends that his attorney rendered ineffective assistance of counsel by failing to challenge his career offender status in this same regard.

Upon the filing of Petitioner's *pro se* motion, the Court ordered the Federal Defenders of Western North Carolina to review Petitioner's motion pursuant to this Court's standing Order on cases asserting relief under Johnson. [Doc. 2]. The Federal Defenders declined to supplement Petitioner's motion. [Doc. 3].

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After

having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

Petitioner contends that his two predicate convictions for bank robbery under 18 U.S.C. § 2113(a), which were relied upon to support his career offender designation, are no longer considered "crimes of violence" after Johnson.[1] Specifically, Petitioner asserts that his sentence was unlawfully enhanced because his predicate convictions only constitute "crimes of violence" pursuant to the "residual clause" of U.S.S.G. § 4B1.2(a)(2), a sentencing provision substantially similar to the statutory section held to be unconstitutionally vague in Johnson. Further, Petitioner argues that his trial counsel rendered ineffective assistance by failing to argue this point at his sentencing hearing. [Docs. 1, 3].

---

[1] In Johnson, the Court held that the "residual clause" of the Armed Career Criminal Act's definition of "violent felony" – defining an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" – is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Court, however, did not strike the "force clause" of § 924(e)(2)(B)(i) that defines a "violent felony" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. at 2563.

Petitioner's argument, however, is foreclosed by the Fourth Circuit's decision in McNeal v. United States, 818 F.3d 141 (4th Cir. 2016), cert. denied, No. 16-5017, 2016 WL 3552855 (U.S. Oct. 3, 2016). In McNeal, the Fourth Circuit held that bank robbery under 18 U.S.C. § 2113(a) is a crime of violence under the "force clause" of a statute analogous to the career offender guideline because bank robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 818 F.3d at 152 (quoting United States v. Adkins, 937 F.2d 947, 950 n.2 (4th Cir. 1991) (quoting 18 U.S.C. § 924(c)(3)(A))). Thus, even if Johnson applies on collateral review to a guideline challenge,[2] Johnson's application to Petitioner's claims is not implicated here at all. Each of Petitioner's two predicate federal bank robbery convictions qualifies as a "crime of violence" under the "force clause" of the career offender provision. See United States v. Gill, No. 15-4178, 2016 WL 4087787 (4th Cir. Aug. 2, 2016) (per curiam) (on direct appeal, where the defendant, convicted as a career offender and also under § 924(c), with federal bank robbery as the underlying predicate conviction, argued that his § 924(c) conviction and

---

[2] Whether Johnson applies retroactively to cases collaterally challenging federal sentences enhanced under the residual clause of U.S.S.G. § 4B1.2(a)(2) is an issue that has yet to be determined and is currently pending before the Supreme Court in Beckles v. United States, 616 F. App'x 415 (11th Cir.), cert. granted, 2016 WL 109080 (June 27, 2016).

career offender designated were erroneous, affirming and noting that "[b]oth issues fail . . . based on our recent opinion in United States v. McNeal").

To the extent that Petitioner claims ineffective assistance of counsel based on counsel's failure to challenge at sentencing his career offender designation, his motion likewise fails. Given that Johnson was decided several years after the Petitioner's case concluded, and given that Johnson has no bearing on the resolution of Petitioner's present career offender challenge, counsel was not ineffective for failing to anticipate a Supreme Court decision that would later provide no legal benefit to the Petitioner.

**CONCLUSION**

For the reasons stated herein, the Court denies and dismisses Petitioner's motion to vacate.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the

5

denial of a constitutional right. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DENIED AND DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 4, 2016

Martin Reidinger
United States District Judge